[Civ. No. 4382. Fourth Dist. June 9, 1952.]

RONALD GILL, a Minor, etc., Appellant, v. MAURICE EMORY CLARK et al., Respondents.

James Vizzard, West, Vizzard, Howden & Baker and Neil J. Clarke for Appellant.

Parker, Stanbury, Reese & McGee for Respondents.

BARNARD, P. J.—The minor plaintiff, then 3 years old, was injured in an accident at 3:30 p. m. on February 3, 1950. The accident occurred on a driveway running through a lumberyard owned by Rex E. Gill, the father of the plaintiff. This driveway ran the entire length of the lumberyard prem-

ises in a north and south direction, was some 30 or 35 feet wide, and was used by customers who could enter it either from the north or the south. On the west side of the driveway there was a lumber shed 108 feet long and an office.

The defendant Krier was engaged in construction work nearby and had made numerous business visits to this lumberyard. On this occasion he came to talk business with Mr. Gill, entering at the south end of the driveway. There was a lumber truck parked on the east side of the driveway near a point where Mr. Gill was working at a saw. Krier parked his car west of the lumber truck and went over to talk to Mr. Gill. About that time a man named Springer drove a pickup truck in from the north, parked a short distance north of the Krier car, and went over to the lumber shed. About the same time a Mrs. Lee drove in from the north and parked a few feet behind and to one side of the Springer truck. She remained in her car, waiting for a chance to speak to Mr. Gill.

The defendant Krier talked with Gill near the saw for a few minutes, during which Gill was faced toward Krier's car. They then walked toward Krier's car, conversing as they walked. As they approached the Krier car they separated, Krier walking around the rear of his car to enter it on the left side, and Mr. Gill passing by the right front corner of Krier's car en route to the office to wait on Springer. Krier entered his car through the left door, started the motor, put the car in low gear and moved forward at a slow speed. He had gone no more than 2 to 4 feet when he felt an impact. He put the car in reverse and backed away a few feet, and at the same time Mr. Gill came running. Mr. Gill testified that he looked and saw his son on the ground, and not standing, at or near the right front wheel of the Krier car as it moved forward slowly. The boy received serious and permanent injuries.

It appears without conflict that Krier on his many previous visits had never seen any children loitering or playing in or near this driveway, and that Mr. Gill had not given him any warning or mentioned the presence of any children prior to the accident. Mr. Gill testified that he had last noticed the boy about 8 or 10 minutes before Krier arrived at the lumberyard, and that as he looked in the direction of the Krier car he had not seen the boy. Mrs. Lee testified that from the position in which she was parked she could see clearly to the south in the direction of the Krier car, that the right front half of the Krier car was within her line of vision, and that she did

not see any child near that car at any time prior to the accident. From objects found afterwards it appears that the child was playing in the sand very close to, if not under, the front end of the Krier car. He was not seen by any of the witnesses, even by his father who knew that he was somewhere about the premises.

The complaint in this action alleged that the plaintiff's injuries were caused by the negligence of the defendants. Special damages for medical expenses and care were pleaded on the theory that such expenditures constituted a trust fund for the benefit of the child, but the father was not made a party to the action. The answer denied negligence and, as a separate defense, alleged that this was an unavoidable accident insofar as the defendants are concerned. No attempt was made to allege or prove contributory negligence. After being out 18 minutes the jury returned a unanimous verdict in favor of the defendants. The plaintiff has appealed from the judgment which followed.

█ It is first contended that the court committed prejudicial error in admitting, over objection, testimony of statements made by appellant's father to the effect that the respondent Krier was not to blame for the accident. It is argued that there was no theory under which these statements were admissible; that they were merely a conclusion and hearsay; that the father was not a party to the action; and that the statements could not be binding upon the plaintiff in any conceivable way.

When Mr. Gill was on the stand he was asked whether or not he had told Krier that he did not feel that this accident was Krier's fault, and that Krier should not take any blame for it. He replied "No, I don't recall that, if I did it was under emotional strain that I was under and after the accident occurred it could be possible I said such a thing." Later, Krier was asked with respect to such conversations and objections were overruled. He then testified that while they were at the hospital Mr. Gill had stated to him that: "I was not to feel at fault at all, that it was purely an accident and I was not to blame," and that about Easter time Mr. Gill had again made a similar statement to him.

Although this evidence was unnecessary it was admissible as tending to impeach one part of the answer of the witness Gill. Moreover, it was not prejudicial since another part of the answer in effect admitted that he had made such statements. The later testimony which is now objected to added little

or nothing to the effect on the jury of the evidence previously brought out without objection.

It is next contended that the court erred in reading "a portion of one instruction which implied that contributory negligence was a factor," and in refusing to read two instructions offered by the appellant. The first of these stated the general rule that a child is not held to the same standard of conduct as an adult, and the second was to the effect that any negligence on the part of the child's parents could not be imputed to the plaintiff.

The court modified and gave Instruction No. 113 from the book of approved jury instructions. It read the first part of that instruction stating that the issues to be determined were (1) was the defendant negligent, (2) was that negligence a proximate cause of any injury to the plaintiff, (3) was the plaintiff negligent. The court struck out that part of the instruction which reads: "If you find that plaintiff was negligent, you then must determine a fourth issue, namely: did that negligence contribute in any degree as a proximate cause of the accident. If you find that it did, your verdict must be for the defendant, but if you find that it did not, and you previously have found that there was negligence on defendant's part which proximately caused plaintiff's injury, you then must fix the amount of plaintiff's damages and return a verdict in his favor."

The main portions of that instruction which relate to contributory negligence were struck out but the court failed, apparently through inadvertence, to strike out the lines covering the third question as to whether the plaintiff was negligent. Contributory negligence was not pleaded, and it was conceded throughout the trial that contributory negligence was not a factor in this case. During the trial the judge asked whether contributory negligence had been pleaded and was told that it had not. Appellant's counsel, in his argument, told the jury that no issue of contributory negligence was involved, and that whether or not the child's parents were negligent had nothing to do with the case. In his argument, counsel for the respondents told the jury that contributory negligence was not being charged to the little boy, and that they were not contending that any carelessness on the part of the father had anything to do with this case. The evidence and the entire arguments were devoted to whether or not the defendant Krier had failed to use ordinary care, whether or not he had done or failed to do anything which an

ordinary man would have done under the same or similar circumstances. Except as above stated, the court cut out all reference to contributory negligence in the instructions, and in accordance with the theory on which the case was tried did not read the proffered instructions on the standard of care required of a child and on the matter of imputing any negligence of the parents to the child. This was not a close case, and it rather clearly appears that the verdict was based upon a finding that the respondent Krier was not guilty of any negligence. It is difficult to see how this decision could have been otherwise if honest consideration was given to the evidence. The father, who knew that the child was somewhere about and who walked by the right front of the car immediately before the accident, did not see the child; Mrs. Lee did not see him; and the respondent Krier, who had no reason to know or expect that a child was anywhere in the vicinity, did exactly what any ordinary man would have done under the circumstances. No reversible error appears in this connection.

The only other point raised is that the verdict is contrary to the evidence if the verdict can be interpreted as finding that an agency relationship did not exist between the respondent Krier and the respondent Clark. This contention is based on the fact that the jury brought in two verdicts. In the first, it found in favor of both defendants Clark and Krier and against the plaintiff. In the second it found in favor of the defendant Clark and against the plaintiff. Immediately after the verdicts were returned it was stipulated that the second verdict should be disregarded. Any possible liability on the part of the respondent Clark would necessarily depend upon whether Krier was liable, and no prejudice appears.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.